UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE OTIS D. WRIGHT II, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. |
|  | ) CR 18-553-ODW |
| vs. | ) |
| ISRAEL SANCHEZ, | ) |
| Defendant. | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

MONDAY, AUGUST 10, 2020

8:13 A.M.

LOS ANGELES, CALIFORNIA

---

MAREA WOOLRICH, CSR 12698, CCRR
FEDERAL OFFICIAL COURT REPORTER
350 WEST FIRST STREET, SUITE 4311
LOS ANGELES, CALIFORNIA 90012
mareawoolrich@aol.com

UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | **APPEARANCES OF COUNSEL:** |
| 2 | |
| 3 | **FOR PLAINTIFF:** |
| 4 | OFFICE OF THE UNITED STATES ATTORNEY<br>BY:  JOSEPH MCNALLY |
| 5 | Assistant United States Attorney<br>312 North Spring Street |
| 6 | Los Angeles, California 90012 |
| 7 | |
| 8 | **FOR DEFENDANT:** |
| 9 | FEDERAL PUBLIC DEFENDER'S OFFICE<br>BY:  CALLIE GLANTON STEELE |
| 10 | Deputy Federal Public Defender<br>321 East Second Street |
| 11 | Los Angeles, California 90012 |

**UNITED STATES DISTRICT COURT**

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, AUGUST 10, 2020
 2                              8:13 A.M.
 3                               -oOo-
 4
 5            THE COURTROOM DEPUTY:  Calling Item 1, CR 18-553,
 6   United States of America versus Israel Sanchez.
 7            Counsel, may I have your appearances, please?
 8            MR. MCNALLY:  Good morning, Your Honor.  Joe McNally
 9   on behalf of the United States.
10            THE COURT:  Good morning, Mr. McNally.
11            MS. GLANTON STEELE:  Callie Glanton Steele appearing
12   on behalf of Mr. Sanchez who is present and being assisted by a
13   Spanish language interpreter.
14            THE COURT:  Good morning to you, Miss Glanton
15   Steele.
16            Mr. Sanchez, good morning to you, sir.
17            All right.  Counsel, I've had a chance to skim
18   through the filing that you made this morning, and it looks
19   like -- and correct me if I'm wrong.  But it looks like the
20   gist of this is that you object to the Court withdrawing your
21   client's guilty plea and entering for him a new plea of not
22   guilty.  And you want that -- his plea of guilty restored and
23   to proceed to sentencing and, of course, you recommend
24   sentencing of 15 years.
25            Do I have it even close to what you intended?
```

1    MS. GLANTON STEELE: Not exactly, Your Honor.
2    THE COURT: All right. Go ahead. Tell me.
3    MS. GLANTON STEELE: I do apologize. In order to
4 obtain the under seal transcript of the change of plea hearing
5 dated November 25th, I didn't get it until Saturday. So I do
6 apologize for providing this to the Court this morning. I just
7 wanted to state my objections.
8    My first objection is to the Court withdrawing
9 Mr. Sanchez's plea. Under Rule 11(c)(1)(C), it's the defendant
10 that would have to withdraw his plea, and we have not done
11 that.
12    The second --
13    THE COURT: Wait a minute. Wait. Wait. So you
14 want the guilty plea restored?
15    MS. GLANTON STEELE: Well, I want -- okay.
16 There's -- you have to -- we have to --
17    THE COURT: You --
18    MS. GLANTON STEELE: We have to go to part two
19 before we can go back to part one. So part two is that I
20 believe that the Court has accepted his plea to the binding
21 plea because at the time of the change of plea on November 25th
22 of last year, the Court accepted his plea. The Court said all
23 material witnesses are released. There was no indication that
24 the Court was going to defer its ruling until sentencing to
25 determine whether or not it accepted the plea.

```
 1                  So I believe -- I'm sorry.
 2                  THE COURT:  The Court stated twice that it did not
 3   accept the plea agreement.  I stated that twice during the
 4   hearing that the Court did not accept the agreement.
 5                  MS. GLANTON STEELE:  Which hearing is the Court
 6   referring to?
 7                  THE COURT:  November 25th.
 8                  MS. GLANTON STEELE:  Okay.  Your Honor, I did not --
 9                  THE COURT:  I made that clear.  There's nothing
10   about deferring it until I saw the PSR.  No.  I said the Court
11   does not accept the agreement but the Court accepted his guilty
12   plea and all that encompasses which includes a trial waiver.
13                  So at our last hearing, given the fact that you did
14   not want to proceed right away, I restored his not guilty plea,
15   and in doing so, I restored all of the rights that go with
16   that.
17                  Now I get your finding this morning, and you
18   indicate that the Court has already accepted Mr. Sanchez's plea
19   and Mr. Sanchez has not withdrawn it.  Accordingly, Mr. Sanchez
20   requests that the Court sentence him to 15 years in custody.
21                  So the bottom line is Mr. Sanchez does not consent
22   to the Court withdrawing his guilty plea and entering a new
23   plea of not guilty; is that right?
24                  MS. GLANTON STEELE:  It's partially correct.
25                  THE COURT:  What part isn't correct?  There's not
```

1  that many moving parts.
2           MS. GLANTON STEELE:  Okay.  Mr. Sanchez is not
3  saying that he wants to restore his plea and go forward without
4  a binding plea.  He wants to -- so let me be clear.  If anyone
5  is going to withdraw his plea, it would have to be Mr. Sanchez.
6           THE COURT:  All right.
7           MS. GLANTON STEELE:  And that hasn't happened yet.
8  So we believe that the Court deeming his plea withdrawn is not
9  valid.  So we would object to that.
10          THE COURT:  Okay.  Stop.  So that returns us to what
11 status?
12          MS. GLANTON STEELE:  The status at the sentencing on
13 the 27th where there's a binding plea and now we have to
14 determine -- and I didn't -- would the Court be willing to
15 indicate the page number of the transcript to which the Court
16 is referring?
17          THE COURT:  No.  No, I didn't have a transcript.  I
18 was sent the audio file of the hearing.
19          MS. GLANTON STEELE:  Okay.  Okay.  So the next issue
20 to address is whether or not the Court accepted the plea.  And
21 the Court is indicating that it did not accept the plea
22 agreement.
23          THE COURT:  Correct.
24          MS. GLANTON STEELE:  So I would ask the Court, I
25 guess, to reconsider.  And that was -- in the pleading where it

```
 1  indicates that we are asking the Court to follow the parties'
 2  agreed upon resolution, that would be the 15-year sentence.
 3              THE COURT:  I've declined to do that.  I said it
 4  repeatedly.  I've declined to do that.
 5              MS. GLANTON STEELE:  Yes, Your Honor.  Then
 6  Mr. Sanchez will withdraw his plea.
 7              THE COURT:  Which plea is that?  He withdraws his
 8  guilty plea?
 9              MS. GLANTON STEELE:  Yes.
10              THE COURT:  All right.  Okay.  Sanchez.  And he
11  pleads not guilty?
12              MS. GLANTON STEELE:  Yes, Your Honor.  And that
13  is --
14              THE COURT:  All right.  So that's effective today?
15  Is that what you are saying?
16              MS. GLANTON STEELE:  Yes, Your Honor.  I just wanted
17  to clarify.
18              THE COURT:  All right.
19              MS. GLANTON STEELE:  If I --
20              THE COURT:  I don't know how anything has changed.
21  But okay.  So Mr. Sanchez withdraws his guilty plea and enters
22  a new and different plea of not guilty effective as of today.
23  So all of his rights, his Constitutional rights, are restored.
24  So he has the right to proceed to trial.
25              Okay.  Are we together now?
```

1            MS. GLANTON STEELE: Yes, Your Honor.

2            THE COURT: How does that change from when we last
3 met?

4            MS. GLANTON STEELE: Well, the Court previously
5 withdrew his plea for him which I don't believe that the Court
6 can do. He has to withdraw it himself.

7            And as I indicated last -- at our last hearing and I
8 believe that the government did also and I know the Court has
9 already made its determination, we had -- you know, I don't
10 want to go into the reasons again why we had entered into the
11 binding plea, but I just wanted the Court to maybe reconsider
12 that same issue because Mr. Sanchez -- as I indicated in my
13 previous position paper and, you know, repeatedly because he's
14 already served his state sentence and the parties thought that
15 a total 20 -- I think 20-year sentence would be sufficient, we
16 would ask the Court to reconsider so that it's not necessary to
17 go to trial, to put the witnesses, you know, through further
18 trauma. That's not what anyone wants. We would rather resolve
19 it in a way that -- in the disposition that we had recommended.

20            THE COURT: Okay. For the umpteenth time, the Court
21 has never been a party to that plea agreement, does not accept
22 the agreement reached between the government and Mr. Sanchez
23 which means that Mr. Sanchez has the right to go to trial. And
24 we have acknowledged that. And the new trial date will be
25 February 22nd of 2021, 9:00 a.m.

```
 1              I'm assuming that things will be restored to
 2   somewhat of normalcy where we can actually have large
 3   gatherings in the courthouse.  That's a tentative date.
 4   February 22nd, 2021, 9:00 a.m.
 5              Anything else that we need to discuss?
 6              MS. GLANTON STEELE:  Your Honor --
 7              MR. MCNALLY:  Will the Court take a waiver from
 8   Mr. Sanchez, or do you want the parties to file a stipulation
 9   or both?
10              THE COURT:  Mr. McNally, if you would take the
11   laboring oar in getting the paperwork filed, I'd appreciate it.
12   Thank you, sir.
13              MR. MCNALLY:  Will do.
14              MS. GLANTON STEELE:  Your Honor?
15              THE COURT:  Yes?
16              MS. GLANTON STEELE:  We would object to that trial
17   date.  We would ask for it to be -- the trial to go forward
18   within the speedy trial time period.
19              THE COURT:  Is that right?
20              MS. GLANTON STEELE:  That's correct.
21              THE COURT:  I should probably explain something to
22   you.  You may have been completely unaware of what's been going
23   on for the last six months.  There will be no trials, not for
24   the foreseeable future.
25              And I'm going to refer you to the Court's General
```

1  Order 20-09.  I'm not going to read the entire thing to you,
2  but paragraph 6 states, "Until further notice, no jury trials
3  will be conducted in criminal cases.  Hearings in any criminal
4  matter may proceed in court when the defendant does not consent
5  to appear by telephone or video conference.
6          "The members of the public will have access to such
7  proceedings with a limit of ten people present in the courtroom
8  or in any overflow courtroom at one time at the discretion of
9  the trial judge."
10         So until the Centers for Disease Control and
11 Prevention has indicated that the area encompassed within the
12 Southern District of California has experienced a 14-day trend
13 of reduced exposure rates, we are going to remain under a state
14 of emergency.  So I'm sorry, Miss Glanton Steel.  We are not
15 going to be going to trial within the time limits prescribed
16 under the Speedy Trial Act, and you can do with that what you
17 will.
18         MR. MCNALLY:  May I make a suggestion, Your Honor?
19         THE COURT:  Yes.
20         MR. MCNALLY:  This may very well go to trial in
21 February or depending on the state of the world may go to trial
22 after February.  I think what may make sense if Miss Steele is
23 saying that Mr. Sanchez demands a speedy trial, it sounds like
24 Miss Steele is stating she's ready for trial before the end of
25 the year which was inconsistent with my understanding of her

1  schedule.
2           But be that as it may, why don't we set a date for,
3  you know, 56 days out, and we can see where we are.  I think
4  that way, you know, we are being conservative in terms of
5  looking at the date and giving him a right as soon as he can.
6  And at the end of the day, I obviously doubt and I think the
7  Court doubts we will be in a better state in 56 days or
8  60 days.
9           But it may make sense to set it within that
10 time frame and then the Court to make further findings at that
11 point.  And if Miss Steele and her client decline to stipulate
12 to those findings, the Court can do it ex parte.
13          But I think the government would probably feel more
14 comfortable if I file an ex-parte application with your
15 excludable time findings and we set that out, let's say,
16 56 days or 70 days within the Speedy Trial Act.  And then I can
17 come back to the Court and see where we are in 70 days.  If the
18 Court is not doing trials, I can move ex parte again with the
19 understanding that he may object.
20          But I think that the end result will be the Court
21 then will have a more incremental record.  And I think that
22 that's probably better for all of the parties involved, if that
23 makes sense.  And I'm happy to take the laboring oar on that,
24 Your Honor.
25          THE COURT:  I see your point.

```
 1                 Miss Glanton Steele?
 2                 MS. GLANTON STEELE:  Yes, Your Honor?
 3                 THE COURT:  What do you think of the proposal?
 4                 MS. GLANTON STEELE:  Your Honor, that's fine.  The
 5     government --
 6                 THE COURT:  We'll set it for October 20th of 2020,
 7     9:00 a.m.  All right?
 8                 MS. GLANTON STEELE:  That's fine.  Thank you,
 9     Your Honor.
10                 THE COURT:  Okay.  If there's nothing further, then
11     we are done.  Thank you so much.
12                 THE COURTROOM DEPUTY:  Thank you all.  This court is
13     in recess.
14                 (At 8:27 a.m. the proceedings adjourned.)
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

         I, MAREA WOOLRICH, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATION OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

                         DATED THIS  8TH  DAY OF MAY, 2021.


                         /S/ MAREA WOOLRICH
                         _____
                         MAREA WOOLRICH, CSR NO. 12698, CCRR
                         FEDERAL OFFICIAL COURT REPORTER